**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MANNY FILM LLC, | ) |
|     Plaintiff, | ) Case No. 8:15-cv-00510-JDW-TGW |
| v. | ) Judge Whittemore |
| JOHN DOE subscriber assigned IP address 65.32.132.241, | ) |
|     Defendant. | ) |

**DECLARATION OF DANIEL SUSAC IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**

[Remainder of page intentionally left blank]

**DECLARATION OF DANIEL SUSAC IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**

I, DANIEL SUSAC, HEREBY DECLARE:

1. My name is Daniel Susac.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by Excipio GmbH ("Excipio"), a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, Excipio is in the business of providing forensic investigation services to copyright owners.

6. Excipio's system routinely monitors the BitTorrent file distribution network for the presence of copyrighted works, and identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute these copyrighted works.

7. Plaintiff retained Excipio to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used to distribute Plaintiff's copyrighted works without authorization.

8. Excipio tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation.

9. During the performance of my duties, I used forensic software named Network Activity Recording and Supervision ("NARS") and related technology enabling the scanning of the BitTorrent file distribution network for the presence of infringing transactions involving Plaintiff's works.

10. NARS was correctly installed and initiated on a server.

11. Computer(s) using the IP address identified on Exhibit A to the Complaint[1] ("Exhibit A") connected to Excipio's investigative server in order to transmit a full copy, or a portion thereof, of the digital media file identified by the hash value set forth on Exhibit A to the Complaint. At no point did Excipio distribute any part of Plaintiff's copyrighted work. NARS is designed in such a way so that it is incapable of distributing any content.

12. The IP address, hash value and hit date contained on Exhibit A correctly reflect what is contained in the evidence logs.

13. Our software analyzed each bit downloaded from the IP address identified on Exhibit A. Our software further verified that each of these bits was a portion of the file hash as listed on Exhibit A. The file hash listed on Exhibit A is a digital media file containing a copy of Plaintiff's audiovisual work, which is identical (or alternatively, strikingly similar or substantially similar) to the original work as listed on Exhibit B. Our software downloaded one or more bits of the file hash listed on Exhibit A from the IP address referenced on Exhibit A.

14. Excipio was provided with a control copy of the copyrighted work identified on Exhibit B (the "Work"). Excipio reviewed the copyrighted work side-by-side with the corresponding digital copy contained within the file hash value set forth on Exhibit A. Excipio verified that the digital media file contains a copy of the original work which is identical, strikingly similar or substantially similar to the original work listed on Exhibit B.

**FURTHER DECLARANT SAYETH NAUGHT.**

---

[1] For the avoidance of doubt, each Exhibit referenced herein refers to the corresponding Complaint Exhibit.

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __27__ day of __February__, 201_5_.

DANIEL SUSAC

By: _____D. Susac_____